United States District Court
Southern District of Texas
**ENTERED**
April 20, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. 2:15-756 |
| v. | § | (C.A. No. 2:16-118) |
| | § | |
| ANTONIO AGUILAR-RIVERA, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Antonio Aguilar-Rivera filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, along with his Memorandum of Law. D.E. 26.[1] The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion. . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2015) (2255 Rules). For the reasons set forth herein, the Court dismisses Aguilar-Rivera's § 2255 motion. The Court also denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case.

1

## II.  BACKGROUND

Aguilar-Rivera was arrested for illegal reentry in August 2015 after he was found in Kingsville, Texas by Border Patrol Agents. D.E. 1.  He made his initial appearance in federal court the same day and was appointed counsel. D.E. 3.  Aguilar-Rivera pleaded guilty and was rearraigned on October 23, 2015, by a federal Magistrate Judge. D.E. 12, 13. After rearraignment, the Probation Department was ordered to prepare a Presentence Investigation Report (PSR). D.E. 14.

The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Aguilar-Rivera's offense level was increased by 16 points based upon a previous conviction for drug trafficking. D.E. 16 at ¶¶ 11, 12 (U.S.S.G. § 2L1.2(b)(1)(A)(i)). His total offense level was calculated to be 21, after credit for acceptance of responsibility. *Id*. at ¶¶ 12- 20. He had 16 criminal history points resulting in application of criminal history category IV.[2] *Id*. at ¶¶ 27-29. The Guideline range of imprisonment was calculated to be 77-96 months. *Id*. at ¶ 46.

Aguilar-Rivera appeared for sentencing and the Court questioned the 16 level enhancement given the small amounts of drugs possessed by Aguilar-Rivera at the time of his drug trafficking conviction, 13.4 grams of cocaine and 25 grams of methamphetamine. *See* Minute Entry January 16, 2016. Sentencing was recessed. The government briefed the

---

[2] In 2006, at age 21, Aguilar-Rivera was convicted of possession of cocaine and methamphetamine and sentenced to 36 months suspended for 2 years probation. He violated his probation when he was again arrested in April 2007 for possession of cocaine and methamphetamine. He was sentenced to 19 to 48 months to be served concurrently with his previous sentence. Later in April 2007, Aguilar-Rivera was arrested for the drug trafficking offense involving small amounts of cocaine and methamphetamine and sentenced to 12 to 36 months. He was released and deported in July 2010. D.E. ¶¶ 21, 22, 23, 25.

applicability of the previous conviction and the Probation Department prepared a revised PSR that reflected that Aguilar-Rivera's criminal history was overstated. D.E. 20, 21.

Aguilar-Rivera appeared for sentencing on January 19, 2016, after the Revised PSR was prepared. The Court adopted the PSR as written with an offense level of 21 and a criminal history category of IV, but departed below the applicable guideline and sentenced Aguilar-Rivera to a sentence of 46 months imprisonment, three years supervised release, no fine, and a $100 special assessment. D.E. 24. Judgment was entered on January 22, 2016.

Aguilar-Rivera filed his timely motion to vacate, set aside or corrects sentence pursuant to 28 U.S.C. § 2255. D.E. 26.

### III.   MOVANT'S CLAIMS

Aguilar-Rivera challenges the 16 level enhancement of his base offense level based upon *Johnson v. United States*, 136 S.Ct. 2551 (2015). He claims because *Johnson* invalidated the residual clause of the Armed Career Criminal Act, the enhancement for an aggravated felony applied to his illegal reentry is invalid.

### IV.   ANALYSIS

#### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under

3

28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B**.   ***Johnson* Claim**

Aguilar-Rivera's offense level was enhanced pursuant to § 2L1.2(b)(1)(A)(i) of the sentencing guidelines because he had a previous drug trafficking conviction.

> (b) Specific Offense Characteristic
> (1) Apply the Greatest:
>> If the defendant previously was deported, or unlawfully remained in the United States, after–
>>> (A) a conviction for a felony that is (i) *a drug trafficking offense for which the sentence imposed exceeded 13 months*; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, *increase by 16 levels if the conviction receives criminal history points under Chapter Four* or by 12 levels if the conviction does not receive criminal history points . . . .

U.S.S.G. 2L1.2(b)(1)(A)(i) (emphasis added).

A 16 point enhancement applies to all drug trafficking offenses that contribute to criminal history points. *Id.* Aguilar-Rivera misunderstands the nature of his enhancement. He argued that his previous conviction for an aggravated felony should not be applied to

4

enhance his offense level, but he was enhanced for a drug trafficking offense. *Johnson* has

no application to the drug trafficking enhancement actually applied to Aguilar-Rivera.[3]

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28

U.S.C. § 2253(c)(1)(A). Although Aguilar-Rivera has not yet filed a notice of appeal, the

§ 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment

of their merits.*" Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

---

[3]   *Johnson v. United States*, 135 S.Ct. 2551 (2015), held that the residual clause of the definition of violent felony was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Id.*, at 2555-56 (emphasis added). The enhancement for illegal reentry after conviction for a crime of violence uses the same language as the residual clause in *Johnson*, but it was not applied to Aguilar-Rivera.

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Aguilar-Rivera is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Aguilar-Rivera' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 26) is DENIED. He is also denied a Certificate of Appealability.

Ordered this 19th day of April, 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE